*E-FILED - 2/9/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES E. HOGG, | ) | No. C 09-1380 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER GRANTING MOTION TO |
| vs. | ) | DISMISS HABEAS CORPUS PETITION AS |
| | ) | UNTIMELY; DENYING CERTIFICATE OF |
| | ) | APPEALABILITY |
| BEN CURRY, Warden, | ) | |
| | ) | (Docket No. 5) |
| Respondent. | ) | |

Petitioner, a California prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted. Respondent moved to dismiss the petition as untimely. Petitioner filed an opposition. Respondent filed a reply. Having reviewed the papers and the underlying record, the court concludes that petitioner's habeas petition is untimely, GRANTS respondent's motion to dismiss and DISMISSES the petition.

**BACKGROUND**

On December 1, 2005, petitioner was sentenced in San Mateo County Superior Court to 25 years to life for a third-strike conviction of residential robbery. (Mot., p. 2.) On June 22, 2006, the California Court of Appeal affirmed. (Mot., Ex. 1.) Petitioner did not file a petition for review. On July 11, 2008, petitioner filed a state habeas petition in San Mateo County Superior Court, which was denied. (Mot., Ex. 2.) Petitioner filed a subsequent habeas petition in the California Court of Appeal, which was denied August 7, 2008. (Mot., Ex. 3.) The California Supreme Court also denied petitioner's habeas petition on February

11, 2009. (Mot., Ex. 4.) Petitioner thereafter filed the instant petition on March 24, 2009.

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. Id. § 2244(d)(2).

If a petitioner could have sought review by the state court of appeals or the state supreme court, but did not, the limitation period will begin running against him the day after the date on which the time to seek such review expired. See Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002), abrogation on other grounds recognized by Moreno v. Harrison, 245 Fed. Appx. 606, 608 (9th Cir. 2007).

Here, petitioner was sentenced on December 1, 2005. (Pet., p. 2.) The California Court of Appeal affirmed on June 22, 2006. His conviction became final on August 1, 2006, after he failed to file a petition for review with the California Supreme Court within the 40-day period for direct review. See Cal. R. Ct. 8.500; Smith, 297 F.3d at 812-13. Thus, pursuant to 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period began to run the following day, and expired one year later, on August 1, 2007.[1] See Patterson v. Stewart, 251 F.3d 1243,

---

[1] Petitioner states that it was not until the beginning of 2008 that he discovered the factual predicate of his claim, i.e., his sentence was cruel and unusual and thus, the statute of limitation should begin from the date of discovery, see 28 U.S.C. § 2244(d)(1)(D), rather than the date his conviction became final. The court finds no merit to this argument. Under § 2244(d)(1)(D), the date of discovery is "when the prisoner knows (or through diligence could

1246 (9th Cir. 2001). The instant petition was filed almost two years later, on March 24, 2009. See Houston v. Lack, 487 U.S. 266, 276 (1988). Thus, absent tolling the instant petition is untimely.

The one-year statute of limitations is tolled under § 2244(d)(2) for the "'time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244(d)(2)). Here, petitioner's first state habeas petition was not filed until July 11, 2008, approximately eleven months after the limitations period had already expired. A state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitations period. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed). Accordingly, there is no basis for statutory tolling in this case, and petitioner does not argue that he is entitled to any.

Because statutory tolling does not render the petition timely, only equitable tolling may render it timely. The Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations," Pace v. DiGuglielmo, 544 U.S. 408, 418 n.8 (2005), but Ninth Circuit authority holds that the one-year limitation period may be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). Equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Id. (citation and internal quotation marks omitted).

---

discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000). Petitioner's only claim raised in his state and federal habeas petitions is that his 25-year to life sentence is grossly disproportionate to his crime. The predicate facts relevant to that claim were known at the time that petitioner was sentenced, i.e., December 1, 2005.

The Ninth Circuit has held that the petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). The petitioner must establish the following in order to be granted equitable tolling:

> (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotations and citations omitted).

Here, as grounds for equitable tolling, petitioner claims that after his appellate lawyer filed a brief pursuant to People v. Wende, 25 Cal. 3d 436 (1979), to the California Court of Appeal, counsel failed to advise or prepare a petition for review to the California Supreme Court. Further, petitioner states that he was unaware that counsel would not be filing a petition for review to the California Supreme Court. Additionally, petitioner asserts that from June 22, 2006, the date California Court of Appeal affirmed his conviction and sentence, to July 11, 2008, the date petitioner filed his first state habeas petition, he was conducting legal research, presumably to file either a petition for review or habeas petition.

In noncapital cases, an attorney's negligence in general does not constitute an extraordinary circumstance sufficient to warrant equitable tolling. Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001). However, where the attorney's conduct is sufficiently egregious, as opposed to merely negligent, equitable tolling may be appropriate. See Spitsyn v. Moore, 345 F.3d 796, 800-01 (9th Cir. 2003). Attorney malfeasance standing alone, however, does not warrant equitable tolling. Id. The prisoner must demonstrate reasonable diligence to get the benefit of equitable tolling in circumstances evidencing attorney misconduct. See Brambles v. Duncan, 330 F.3d 1197, 1204 (9th Cir.), amended, 342 F.3d 898 (9th Cir. 2003); see also Welch v. Carey, 350 F.3d 1079, 1083 (9th Cir. 2003) (en banc) ("[t]olling accommodates effort, not inaction").

Further, the Ninth Circuit recently stated that counsel's failure to perfect a timely notice of appeal from a conviction, without more, is not an "extraordinary circumstance" warranting equitable tolling and has "little to no bearing on [petitioner's] ability to file a timely federal

habeas petition." Randle v. Crawford, 578 F.3d 1177, 1186 (9th Cir. 2009). "Counsel's failure to perfect an appeal simply meant that [petitioner] had one year from the expiration of his time to file a notice of appeal in which to initiate a federal habeas action -- it did not prevent him from filing the petition." Id.

Here, counsel did file a direct appeal on petitioner's behalf. Petitioner does not allege that counsel's "abandonment" *prevented* petitioner from filing his federal habeas petition on time or that it *caused* his late federal filing. See Ramirez, 571 F.3d at 997. Nor does petitioner allege that he was unaware of the California Court of Appeal decision. In fact, it appears that petitioner knew of the California Court of Appeal decision because he asserts that he immediately began conducting legal research. (Opp., p. 3.) Further, petitioner had a full year from the expiration of his time for filing a petition for review to file a federal habeas action. See, e.g., Randle, 578 F.3d at 1186. Counsel's failure to file a petition for review or advise petitioner to do so did not prevent petitioner from filing a federal petition. See id. Thus, without a showing that counsel's action or inaction was the cause of petitioner's untimeliness, or that it made it impossible for petitioner to file a petition on time, petitioner is not entitled to equitable tolling. See Ramirez, 571 F.3d at 997.

As the petition was filed almost two years after the limitation period expired, and there is no basis for delaying the commencement of the limitation period or for statutory or equitable tolling, the instant petition must be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

**CERTIFICATE OF APPEALABILITY**

The federal rules governing habeas cases brought by state prisoners have recently been amended to require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

For the reasons set out in the discussion above, petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

**CONCLUSION**

For the foregoing reasons, respondent's motion to dismiss the petition as untimely (docket no. 5) is GRANTED. A COA is DENIED. The clerk shall enter judgment in favor of respondent and close the file.

IT IS SO ORDERED.

DATED: __2/8/10_____

*Ronald M. Whyte* (signature)
RONALD M WHYTE
United States District Judge